UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Matthew D. Bobola**

    **v.**                                         Case No. 15-cv-296-PB
                                                   Opinion No. 2016 DNH 077

**Fishing Vessel Expectation, et al**


## MEMORANDUM AND ORDER

Former deckhand Matthew D. Bobola allegedly suffered an injury while on board the Fishing Vessel Expectation, a fishing vessel based out of New Bedford, MA.  Bobola sued his former employer, Nordic Fisheries, Inc., and several other defendants, including the Fishing Vessel Expectation and the ship's captain, first mate, and engineer, bringing a variety of claims under both federal and state law.  Bobola is presently incarcerated in New Hampshire and is proceeding pro se.

Several months after filing his complaint, Bobola filed a one-page handwritten motion to change venue, admitting that he had "the wrong venue" and requesting that the case be transferred to the Federal District Court in Boston, MA.  Doc. No. 6.  The defendants responded with two filings: (1) an opposition to Bobola's motion to change venue (Doc. No. 13), and (2) a motion to dismiss on a number of grounds, including lack of personal jurisdiction and – interestingly – improper venue

(doc. no. 12).  Defendants contend that this court has no jurisdiction to hear the case, but nonetheless oppose transfer. They instead argue that I should dismiss the action outright.

The federal venue statute, 28 U.S.C. § 1391, provides that:

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is filed in an improper venue, the court may either dismiss it or transfer it to a more appropriate district if doing so serves "the interests of justice."  See 28 U.S.C. §§ 1404(a); 1406(a).

Moreover, if a court "finds that there is a want of jurisdiction," 28 U.S.C. § 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . ."  28 U.S.C. § 1631.  The Supreme Court has recognized that a change of venue may be ordered even when the transferor court lacks personal jurisdiction, see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962), and the First Circuit has noted that § 1631 creates "a presumption in

favor of transfer." Britell v. United States, 318 F.3d 70, 73-74 (1st Cir. 2003) ("Congress's use of the phrase 'shall . . . transfer' in section 1631 persuasively indicates that transfer, rather than dismissal, is the option of choice.").[1]

Here, the alleged incident took place on a ship based in Massachusetts and owned by a Massachusetts company, Nordic Industries. The individual defendants were all on the ship during the incident, and worked for that same company. Nordic Industries is incorporated and has its principal place of business in Massachusetts. The defendants contend that they have no individual or business connection to New Hampshire and have not consented to jurisdiction here. And they do not argue that a court could not exercise personal jurisdiction over them in Massachusetts. Moreover, Bobola himself has conceded that he

---

[1] The defendants concede that § 1631 allows transfer when a court lacks jurisdiction, but claim that this applies only to subject matter jurisdiction, not personal jurisdiction. See Doc. No. 13 at 2-3. They cite several U.S. District Court cases outside this circuit to support their contention, but their argument is unpersuasive. The First Circuit has upheld a transfer under § 1631 where a court lacked personal jurisdiction, see Subsalve USA Corp. v. Watson Manufacturing, Inc., 462 F.3d 41 (1st Cir. 2006), as have other circuits. See Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003) ("In light of the language of § 1631 and its purpose, we therefore conclude that the statute applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction."); Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1527 (10th Cir. 1987) (same). More would be required for me to ignore this authority and the plain text of the statute.

filed suit in the wrong district, and now requests that the case be transferred to Massachusetts.

Given these facts, I agree with Bobola, and find that a transfer serves the interests of justice here.  The defendants argue for dismissal, not transfer, but fail to address how this case falls within an exemption to the "presumption of transfer." See Britell, 318 F.3d at 74 (noting that the presumption may be rebutted where the "transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system") (internal citations omitted).  Accordingly, I grant Bobola's motion (Doc. No. 6) and transfer the case to the United States District Court for the District of Massachusetts.  I deny defendants' motion to dismiss (Doc. No. 12) without prejudice to their right to raise it again in Massachusetts.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 4, 2016

cc: Matthew D. Bobola
    Seth S. Holbrook, Esq.